Gabrielli, J.
Following a jury trial, defendant was found guilty of the crimes of criminal possession of stolen property in the third degree (Penal Law, § 165.40) and jostling (Penal Law, § 165.25), and the Appellate Term, First Department, affirmed the judgment in each instance. Defendant does not now challenge his conviction on. the charge of receiving stolen property, but he seeks reversal of the conviction on the charge *516 of jostling, claiming that it was not supported by the evidence and, further, that error was committed by the court in the course of the supplemental charge on that count.
The basic facts are not in dispute. The record reveals that the defendant and one Williams watched as the victim, a down-on-his-luck suburbanite who had failed at a job interview, staggered to and sat down on the top step of a stairwell leading to a subway. The victim who had obviously consumed an excessive quantity of alcoholic beverage, was carrying an attaché case containing papers vital to his efforts to secure employment. Observed by two policemen who were having dinner in a nearby restaurant, the defendant then walked down the stairwell past the victim, while Williams remained on the street. Suddenly the defendant, who was visible to one of the patrolmen from the waist up as he stood in the stairwell, looked around, reached out, grabbed the victim and pulled him down the stairs and "out of my sight”. The officers immediately left the restaurant, ran into the subway, pausing momentarily to ascertain if the victim was injured and, after a brief chase, apprehended and arrested the defendant and Williams. The former was carrying the briefcase at the time, and the latter threw a wallet to the ground at the approach of the police. The victim, because of his inebriated condition, remembered only that he was abruptly "dragged or pushed down a number of steps * * * like a kaleidoscope of colors”.
Section 165.25 of the Penal Law provides as follows:
"A person is guilty of jostling when, in a public place, he intentionally and unnecessarily:
"1. Places his hand in the proximity of a person’s pocket or handbag; or
"2. Jostles or crowds another person at a time when a third person’s hand is in the proximity of such person’s pocket or handbag.”
At the outset, it should be noted that the question of whether an apparently undisputed set of facts satisfies the elements of a given crime, as defined by statute, is, if properly preserved, a question of law within the scope of this court’s review. However, "an objection to the legal sufficiency of the evidence adduced at the trial can be properly raised only by a motion to dismiss or for the direction of an acquittal, made at the close of the People’s case * * * Failure to make such a motion 'is tantamount to a concession that issues of fact to be *517 determined by the jury were created by the evidence.’” (Cohen and Karger, Powers of the New York Court of Appeals, pp 748-749, citing People v Nixon, 248 NY 182, 190-191.) Here, although not noted by appellant, such a motion was made, and the issue was thus preserved for review.
In the instant case, defendant was merely seen grabbing the victim and pulling him out of sight, and was later caught with the attaché case in his possession. There was, however, no testimony that would indicate that he ever went into or near his victim’s pockets. And, while the jury, under an appropriate charge, could have inferred that appellant actually snatched the attaché case, an action which might possibly constitute jostling under subdivision 1 of the statute, the trial court removed that theory from the jury’s consideration during the course of its charge, when he stated that the relevant "handbag” portion of the first subdivision of the statute was inapplicable to the instant case. Thus, whether or not the facts fit within subdivision 1, the jury must be assumed to have followed instructions and not based its verdict on this theory.
Similarly, it might be argued that appellant was guilty of jostling under subdivision 2 of the statute, since he acted in concert with Williams, who was essentially caught with the victim’s wallet in his possession, which must have been removed from his pocket. However, this possibility was also removed from the jury’s consideration by the Trial Judge, who, in response to a question from the jury on this point—"Is the defendant guilty of jostling if his partner jostled Mr. Thompson?”—answered in the negative.
The actual theory under which the defendant was convicted of jostling appears to have stemmed from the trial court’s affirmative response to another jury question—"Does the act of pulling or dragging Thompson down the stairs constitute jostling?” At this juncture, it suffices to note that this theory fails to satisfy the definitional elements of the jostling statute.
Moreover, and as appellant points out, the crime of jostling is essentially aimed at the stealthy pickpocket, who surreptitiously attempts to secure the personal property of his victim. (Practice Commentary by Richard G. Denzer and Peter Mc-Quillan, McKinney’s Cons. Laws of NY, Book 39, Penal Law, § 165.25, pp 512-513.) Actually, appellant’s actions here were conceptually more akin to those of a forcible robbery, a crime with which he was originally charged.
*518 We need not reach defendant’s mooted claim of error in that, during the course of jury deliberations and the temporary absence of the defendant, the court, on the heels of a waiver and consent by defense counsel, answered two queries posed by the jury regarding only the charge of jostling (cf. People ex rel. Lupo v Fay, 13 NY2d 253), and this is additionally so since we are reversing the conviction for jostling for the stated reasons.
The order of the Appellate Term should be modified by reversing the conviction for jostling and the information thereon dismissed. In all other respects, the order should be affirmed.
Chief Judge Breitel and Judges Jasen, Jones, Wachtler, Fuchsberg and Cooke concur.
Order modified in accordance with opinion herein and, as so modified, affirmed.