■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v WALTER GONZALEZ, Appellant. [755 NYS2d 146] —Appeal from a judgment of Monroe County Court (Geraci, Jr., J.), entered October 27, 2000, convicting defendant after a jury trial of, inter alia, murder in the second degree.

It is hereby ordered that the judgment so appealed from be and the same hereby is modified on the law by reversing that part convicting defendant of murder in the second degree, vacating the sentence imposed thereon and dismissing count two of the indictment and as modified the judgment is affirmed.

Memorandum: Defendant appeals from a judgment convicting him following a jury trial of murder in the second degree (Penal Law § 125.25 [2]), criminal possession of a weapon in

the second degree (§ 265.03 [2]), and criminal possession of a weapon in the third degree (§ 265.02 [4]). The jury acquitted defendant of intentional murder (§ 125.25 [1]). According to the testimony of a prosecution witness, defendant entered a barber shop in Rochester on January 25, 2000 and left with someone who was already in the barber shop. The witness testified that defendant then kicked in the door of the barber shop, took a few steps inside, pulled a gun from his waistline, and began firing at the victim from a distance of 6 to 7 feet. After the victim fell onto the floor, defendant leaned over and fired more shots at the victim as he lay prone on the floor. Medical testimony established that defendant shot the victim once in the chest, once in the face from 6 to 18 inches away, six times in the back of the head from approximately six inches away, and twice in the back. Medical testimony further established that any one of the shots could have been fatal. On February 9, 2000, defendant was taken into custody at the Rochester International Airport and subsequently gave a written statement to the police. Defendant stated therein that he was afraid of the victim because the victim's niece had accused defendant of raping her. When defendant saw the victim in the barber shop, he became tense and panicked. Defendant further stated that he was carrying a gun for protection, but he "blanked out" and could not recall the shooting. The next day, he "couldn't believe what had happened." A police officer testified at trial that defendant was asked by another officer on the way to booking, "Well, if you blacked out, why are you having nightmares about it? Is it because you shot him?" The officer testified that defendant replied, "Well, of course I shot him."

Contrary to the contention of defendant, the People met their burden of establishing that he voluntarily consented to the search of his luggage, which had been retrieved from the airport (*see People v Caldwell*, 221 AD2d 972, 972-973, *lv denied* 87 NY2d 920). We agree with defendant, however, that the evidence is legally insufficient to support the conviction of depraved indifference murder and thus that County Court erred in denying his motion to dismiss that count. There is no valid line of reasoning and permissible inferences that could lead a rational person to the conclusion reached by the jury, i.e., that defendant's conduct was reckless and not intentional, as required by Penal Law § 125.25 (2) (*see People v Wall*, 34 AD2d 215, 218-220, *affd* 29 NY2d 863; *People v Gonzalez*, 160 AD2d 502, 504, *lv denied* 76 NY2d 857; *cf. People v Sanchez*, 98 NY2d 373, 377-378; *People v Register*, 60 NY2d 270, 275-278, *cert denied* 466 US 953; *see generally People v Bleakley*, 69 NY2d 490, 495). Here, defendant is "guilty of an intentional

shooting or no other" (*Wall*, 29 NY2d at 864). We reject the People's contention that the jury reasonably could have found defendant's state of mind to be one of recklessness based on the explanation of defendant that he was in a fright-induced panic and had "blanked out." "A person acts recklessly with respect to a result or to a circumstance * * * when he is aware of and consciously disregards a substantial and unjustifiable risk that such result will occur or that such circumstance exists" (§ 15.05 [3]), and the only reasonable inference to be drawn from defendant's "blanking out" is that defendant was neither aware of nor consciously disregarded the risk. We therefore modify the judgment by reversing that part convicting defendant of murder in the second degree, vacating the sentence imposed thereon and dismissing count two of the indictment.

All concur except Hayes, J., who dissents in part and votes to affirm in the following memorandum.

Hayes, J. (dissenting in part). I respectfully dissent in part and vote to affirm. In my view, the evidence is legally sufficient to support the conviction of murder in the second degree (Penal Law § 125.25 [2]). "The jury's acquittal of defendant on the intentional murder charge merely meant that it did not find the requisite intent for that charge" (*People v Fink,* 251 AD2d 751, 752, *lv denied* 92 NY2d 924). Viewing the evidence in the light most favorable to the People, I conclude that the jury could reasonably have found that defendant acted recklessly, but not intentionally, when he carried the loaded weapon into the barber shop and shot the victim (*see People v Sanchez,* 98 NY2d 373, 377-378; *People v Register,* 60 NY2d 270, 275-278, *cert denied* 466 US 953; *see generally People v Alston,* 298 AD2d 702). Defendant told the police that he panicked and "blacked out" and could not remember the shooting. Thus, the jury could reasonably have found that defendant did not act intentionally and instead acted recklessly, i.e., he was aware of and consciously disregarded the risk of carrying a loaded weapon and using it to shoot a person. Present—Green, J.P., Hurlbutt, Burns, Gorski and Hayes, JJ.