■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v MILTON GARBUTT, Appellant. [780 NYS2d 126]—

Judgment, Supreme Court, Bronx County (Ira R. Globerman, J.), rendered May 1, 2001, convicting defendant, after a jury trial, of murder in the second degree, and sentencing him to a term of 25 years to life, unanimously affirmed.

Defendant's argument that his conduct clearly constituted intentional murder and did not support a finding of recklessness as required for depraved indifference murder is unpreserved (*People v Gray*, 86 NY2d 10 [1995]; *see also People v Padro*, 75 NY2d 820 [1990]). Moreover, at trial, defendant argued that his conduct was simply reckless, not evidencing a depraved indifference to human life, which was a position diametrically opposed to his present claim. We decline to review this claim in the interest of justice. Were we to review it, we would find that the evidence with respect to depraved indifference murder was legally sufficient (*compare People v Sanchez*, 98 NY2d 373 [2002], *with People v Hafeez*, 100 NY2d 253 [2003]). Among other things, the evidence established that defendant stabbed the victim twice in the chest during a struggle involving defendant, the victim and the victim's daughter. During this struggle, defendant also made knife thrusts at the daughter. Furthermore, after the stabbing, as the wounded victim ran away, defendant did not pursue her, but instead ran in the opposite direction and discarded the knife. Accordingly, a rational jury could have had a reasonable doubt as to whether defendant's acts were "specifically designed to cause the death of the victim" (*People v Gonzalez*, 1 NY3d 464, 467 [2004]).

Defendant was not entitled to be present when the court heard argument on the admissibility of certain hearsay evidence. As trial counsel correctly conceded, this was a purely legal issue. Moreover, the relevant facts had already been presented to the court at a portion of the trial at which defendant had been present. Accordingly, there was no potential for meaningful input by defendant (*see People v Roman*, 88 NY2d 18, 27 [1996]; *People v Rodriguez*, 85 NY2d 586 [1995]).

We perceive no basis for reduction in sentence. Defendant's challenge to the criteria employed by the court in imposing sentence is unpreserved (*see People v Harrison* 82 NY2d 693 [1993]), and we decline to review it in the interest of justice.

We have considered and rejected defendant's remaining claims, including those contained in his pro se supplemental brief. Concur—Buckley, P.J., Mazzarelli, Friedman, Gonzalez and Catterson, JJ.