■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v KOREY LIGGINS, Appellant. [797 NYS2d 495]—

Judgments, Supreme Court, New York County (Jeffrey M.

Atlas, J.), rendered November 23, 1998, convicting defendant, after a jury trial, of murder in the first degree and attempted robbery in the first degree, and sentencing him to concurrent terms of life without parole and 15 years, respectively, and order, same court and Justice, entered on or about June 23, 2004, which denied defendant's CPL 440.20 motion to set aside the sentence, unanimously affirmed.

Under the particular circumstances presented, we find no violation of defendant's right to be present for a *Sandoval* (*People v Dokes*, 79 NY2d 656 [1992]) or *Ventimiglia* (*People v Spotford*, 85 NY2d 593 [1995]) hearing. The court conducted *Sandoval/Ventimiglia* proceedings in several stages, including a written submission by defense counsel. We conclude that defendant's presence at the initial segment of these proceedings provided him with the opportunity for meaningful input, and that his presence was not required at the subsequent stages (*see People v Rivera*, 201 AD2d 377 [1994], *lv denied* 83 NY2d 875 [1994]; *see also People v Garbutt*, 9 AD3d 255, 256 [2004], *lv denied* 3 NY3d 674 [2004]).

The court properly denied defendant's suppression motion. There is no basis for disturbing the court's credibility determinations, which are supported by the record (*see People v Prochilo*, 41 NY2d 759, 761 [1977]). The court properly found that defendant did not make an unequivocal request for the present assistance of counsel (*see People v Hicks*, 69 NY2d 969 [1987]) until his second videotaped statement, at which time questioning ceased.

The record fails to support defendant's assertion that the court misconstrued the statutory scope of sentencing, and we perceive no basis for reducing the sentence. Defendant's constitutional challenge to the sentencing scheme for murder in the first degree is unavailing (*People v Hansen*, 99 NY2d 339 [2003]).

Defendant's remaining contentions are unpreserved and we decline to review them in the interest of justice. Were we to review these claims, we would reject them. Concur—Saxe, J.P., Ellerin, Sweeny and Catterson, JJ.