Rohan BROWN, Petitioner–Appellee,

v.

Robert ERCOLE, Superintendent, Green Haven Correctional Facility, Respondent–Appellant.

No. 09–1683–pr.

United States Court of Appeals, Second Circuit.

Nov. 16, 2009.

Robert S. Dean (David J. Klem, on the brief), Center for Appellate Litigation, New York, N.Y., for Petitioner–Appellee.

Thomas R. Villecco, Assistant District Attorney (Joseph N. Ferdenzi, Assistant District Attorney, on the brief), for Robert T. Johnson, Bronx County District Attorney, New York, N.Y., for Respondent–Appellant.

Present: JON O. NEWMAN, GUIDO CALABRESI and ROBERT A. KATZMANN, Circuit Judges.

## SUMMARY ORDER

Respondent–Appellant appeals from a Memorandum and Order of the United States District Court for the Southern District of New York (Buchwald, *J.* ), entered March 31, 2009, 2009 WL 857625, granting the Petitioner–Appellee Rohan Brown's petition for a writ of habeas corpus. Brown sought a writ on the ground that it would have been futile for him to argue at his state trial that the evidence adduced was insufficient to support a conviction for depraved indifference murder given the definition of that offense controlling in New York courts at the time, and therefore he had shown cause for his procedural default. We assume the parties' familiarity with the underlying facts and procedural history of the case.

This Court reviews a district court's ruling on a habeas petition *de novo*. *Thibodeau v. Portuondo*, 486 F.3d 61, 64 (2d Cir.2007). Federal habeas review is barred if the constitutional claim was denied by a state court on a state procedural ground that is both "independent of the merits of the federal claim and an adequate basis for the court's decision." *Harris v. Reed*, 489 U.S. 255, 260, 109 S.Ct. 1038, 103 L.Ed.2d 308 (1989) (internal quotation marks omitted).

The due process guaranteed by the Fourteenth Amendment ensures that no person shall be convicted of a crime except upon sufficient proof. *Jackson v. Virginia,* 443 U.S. 307, 316, 99 S.Ct. 2781, 61 L.Ed.2d 560 (1979). In New York, an objection to the legal sufficiency of the evidence is presented to the court in a motion to dismiss. *People v. Thomas,* 36 N.Y.2d 514, 516, 369 N.Y.S.2d 645, 330 N.E.2d 609 (1975). New York's contemporaneous objection rule requires that a litigant object during the trial in order to preserve an issue for appeal. N.Y.Crim. Proc. Law § 470.05(2). This Court has held that the application of New York's contemporaneous objection rule may bar federal habeas review. *Garcia v. Lewis,* 188 F.3d 71, 79 (2d Cir.1999).

Federal courts, however, "are empowered under 28 U.S.C. § 2254 to look beyond a state procedural forfeiture and entertain a state prisoner's contention that his constitutional rights have been violated." *Reed v. Ross,* 468 U.S. 1, 9, 104 S.Ct. 2901, 82 L.Ed.2d 1 (1984). Before the habeas court will consider the merits of a federal claim, the prisoner must demonstrate cause for his state-court default and prejudice from it. *House v. Bell,* 547 U.S. 518, 536, 126 S.Ct. 2064, 165 L.Ed.2d 1 (2006).

The Supreme Court has explained that futility cannot constitute cause for procedural default "if it means simply that a claim was unacceptable to that particular court at that particular time." *Bousley v. United States,* 523 U.S. 614, 623, 118 S.Ct. 1604, 140 L.Ed.2d 828 (1998) (internal quotation marks omitted); *see also Jones v. Keane,* 329 F.3d 290, 295 (2d Cir.2003) ("It is well established that a petitioner may not bypass state courts merely because they may be unreceptive to the claim.").

Only a few years ago this Court held, in *DiSimone v. Phillips,* 461 F.3d 181 (2d Cir.2006), that the futility argument advanced by a similarly-situated habeas petitioner failed because, at the time of the his trial in 2001, "New York state courts had not *consistently* rejected" the claim that a conviction for depraved indifference murder was unsupported by the evidence. *Id.* at 191. The facts of *DiSimone* are, for all purposes relevant to this appeal, identical to those presented here. In addition, from 2001 to the time of Brown's trial in 2003 the New York appellate courts reversed two depraved indifference murder convictions on the grounds that the evidence was legally insufficient. *People v. Hafeez,* 100 N.Y.2d 253, 258–59, 762 N.Y.S.2d 572, 792 N.E.2d 1060 (2003); *People v. Gonzalez,* 302 A.D.2d 870, 871–72, 755 N.Y.S.2d 146 (N.Y.App.Div.2003).

Accordingly, under the controlling precedent of this Court, Brown cannot prevail on his claim that it would have been futile for him to argue at trial that the evidence adduced was insufficient to support a conviction. The District Court distinguished *DiSimone* on the grounds that it presented the question of whether it would have been futile for petitioner's *appellate* counsel to argue legal insufficiency, whereas the case before us involves procedural default at *trial. Brown v. Ercole,* No. 07–Civ.–11609, 2009 WL 857625, at *6 n. 5 (S.D.N.Y. Mar.31, 2009). Given that New York appellate courts are equally bound by New York Court of Appeals precedent, *see People v. Jackson,* 46 A.D.3d 1110, 1111, 847 N.Y.S.2d 743 (N.Y.App.Div.2007), we find that the holding of *DiSimone* is fully applicable to the present case.

Because Brown has not shown cause for the procedural default of his constitutional claim, we need not consider whether he suffered prejudice. We have considered Brown's other arguments and find them to be without merit, though he may have

redress in state court for claims we do not address here.

Accordingly, we **REVERSE** the District Court's grant of Brown's habeas petition and **REMAND** with directions to dismiss the petition.