10-1039-pr
Garbutt v. Conway

UNITED STATES COURT OF APPEALS
FOR THE SECOND CIRCUIT

August Term, 2011

(Argued: December 1, 2011    Decided: February 9, 2012)

Docket No. 10-1039-pr

MILTON GARBUTT,

*Petitioner-Appellant*,

— v. —

JAMES T. CONWAY,

*Respondent-Appellee*.

B e f o r e:

HALL, LYNCH, and CHIN, *Circuit Judges*.

Appeal from the denial of a petition for a writ of habeas corpus in which petitioner argued that the evidence was insufficient to support his conviction for depraved indifference murder under New York law.

Affirmed.

JEREMY GUTMAN, New York, NY, *for Petitioner-Appellant*

RAFAEL A. CURBELO, Assistant District Attorney (Joseph N. Ferdenzi and Nancy D. Killian, Assistant District Attorneys, *on the brief)*, for ROBERT T. JOHNSON, District Attorney, Bronx County, Bronx, NY. *for Respondent-Appellee*.

---

PER CURIAM:

Petitioner-appellant Milton Garbutt was convicted in New York state court of second-degree murder on a theory of depraved indifference to human life in violation of New York Penal Law § 125.25[2]. He appeals the judgment of the United States District Court for the Southern District of New York (Sidney H. Stein, *J.*) denying his petition for a writ of habeas corpus under 28 U.S.C. § 2254. Garbutt contends that the evidence was insufficient to support his conviction, arguing that the killing could only properly have been found to have been intentional, and not reckless as required under New York law for a conviction of depraved indifference murder. We disagree, and affirm the district court's denial of his petition.

## BACKGROUND

### I. **Facts**

In view of the defendant's conviction, we summarize the facts in the light most favorable to the verdict. United States v. Riggi, 541 F.3d 94, 96 (2d Cir. 2008).

In 1998, Garbutt began living intermittently with the victim, Barbara Blanchard, with whom he had a romantic relationship. The relationship was difficult; there were

2

several physical altercations. Blanchard ended the relationship in October 1999 and removed Garbutt's belongings from her residence.

During the following week, Garbutt, now staying with a former girlfriend, Lesvia Scott, repeatedly attempted to contact Blanchard by phone. Blanchard ignored these calls. At 3:00 a.m. on November 2, 1999, Garbutt told Scott that he would confront Blanchard as she traveled to her temporary work as an election monitor in the Bronx. He left Scott's residence between 3:30 and 4:00 a.m.

Garbutt intercepted Blanchard, accompanied by her daughter Kyani Tolbert, at a bus stop at approximately 6:00 a.m. Garbutt reached across Tolbert to grab Blanchard, instructing Blanchard that "[y]ou going to talk to me now." Tr. at 139. Blanchard resisted, prompting Garbutt to pull her toward him. Tolbert grabbed her mother and attempted to pull her away from Garbutt. During the resulting struggle, Garbutt removed an eight-inch knife and stabbed at Blanchard and Tolbert, hitting Blanchard in the upper arm and chest and hitting Tolbert's jacket. Garbutt then fled the scene. Blanchard died from her wounds shortly thereafter. When Garbutt was arrested later that day, he asked after Blanchard, apparently unaware that her wounds had been fatal.

II. **Procedural History**

Garbutt was indicted for both intentional murder and reckless murder evincing a depraved indifference to human life. At the close of the People's case, Garbutt moved to dismiss the intentional murder count, arguing that "there does not appear to be any

3

evidence of intent." Tr. at 619. After the motion was denied, the jury acquitted Garbutt of intentional murder, but convicted him of depraved indifference murder.

Garbutt appealed the conviction, arguing "that his conduct clearly constituted intentional murder and did not support a finding of recklessness as required for depraved indifference." People v. Garbutt, 780 N.Y.S.2d 126, 127 (1st Dep't 2004). The Appellate Division did not agree. First, it found the argument unpreserved, since at trial Garbutt had contended not that the evidence required a finding of intent to kill, but rather that it precluded such a finding. Id. Second, even if the issue had been preserved, the court "would [have found] that the evidence with respect to depraved indifference murder was legally sufficient." Id. Leave to appeal to the New York Court of Appeals was denied. People v. Garbutt, 3 N.Y.3d 674 (2004).

Garbutt petitioned the district court for a writ of habeas corpus, arguing inter alia that the evidence was constitutionally insufficient to support a conviction for depraved indifference murder. The district court rejected the argument and denied the petition. Garbutt v. Conway, No. 05 Civ. 9898 (SHS), 2008 WL 3842967 (S.D.N.Y. August 15, 2008). Garbutt then moved for relief from that denial pursuant to Fed. R. Civ. P. 60(b), which the district court also denied. Garbutt v. Conway, No. 05 Civ. 9898 (SHS), 2009 WL 2474099 (S.D.N.Y. August 12, 2009). The district court granted a certificate of appealability, and Garbutt appealed.

4

## DISCUSSION

Garbutt argues to us, as he did to the Appellate Division, that while the evidence at his trial was sufficient to find him guilty of intentionally killing Blanchard, it was not sufficient to support a finding that he killed her recklessly under circumstances manifesting a depraved indifference to human life, as that term has been interpreted in a series of New York cases decided both before and since his conviction became final in 2004. See, e.g., People v. Hafeez, 100 N.Y.2d 253 (2003); People v. Payne, 3 N.Y.3d 266 (2004); People v. Gonzalez, 1 N.Y.3d 464 (2004); People v. Suarez, 6 N.Y.3d 202 (2005); People v. Feingold, 7 N.Y.3d 288 (2006). Following our recent decisions in Parker v. Ercole, ___ F.3d ___, 2012 WL 171493 (2d Cir. Jan. 23, 2012), and Rivera v. Cuomo, 664 F.3d 20 (2d Cir. 2011), we reject Garbutt's argument. See also Policano v. Herbert, 507 F.3d 111 (2d Cir. 2007).

We review collateral challenges to the sufficiency of the evidence supporting a state-court jury's verdict under a doubly deferential standard of review. First, even on direct review, "the relevant question is whether, after viewing the evidence in the light most favorable to the prosecution, *any* rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt." Jackson v. Virginia, 443 U.S. 307, 319 (1979) (emphasis in original). Second, if the state courts have rejected the defendant's constitutional arguments on the merits, a federal court may not grant the writ of habeas corpus unless the state courts' decision was based on "an unreasonable application of [] clearly established Federal law." 28 U.S.C. § 2254(d)(1). See Williams

5

v. Taylor, 529 U.S. 362 (2000); see also Cavazos v. Smith, 132 S.Ct 2, 7 (2011) (reasserting "the necessity of deference to state courts in § 2254(d) habeas cases"). Thus, where the state courts have denied a claim of insufficient evidence on the merits, we may not grant the writ unless we conclude that *no* reasonable court could have held that *any* reasonable jury could have read the evidence to establish petitioner's guilt beyond a reasonable doubt. We should be particularly deferential, moreover, where, as here, the state appellate court's assessment of the evidence is intertwined with its interpretation of a complex and evolving body of state law, with which the state courts have far more familiarity than we have.

Indeed, the standard of review here is arguably even more stringent. Although the Appellate Division noted that, were it to review Garbutt's insufficiency claim on the merits it "would find that the evidence with respect to depraved indifference murder was legally sufficient," Garbutt, 780 N.Y.S.2d at 127, it rested its affirmance of his conviction primarily on the independent state-law procedural ground that his argument was unpreserved because Garbutt had argued at his trial that his conduct was reckless and not intentional. Accordingly, in order to prevail on his habeas application, petitioner must demonstrate that the failure to consider his unpreserved claim "will result in a fundamental miscarriage of justice." Harris v. Reed, 489 U.S. 255, 262 (1989) (internal quotation marks omitted).

Garbutt's argument cannot survive such review. Garbutt argues that under New York law as it stands today, a defendant may not be convicted of depraved indifference

6

murder – as opposed to intentional murder – where the evidence unequivocally points to a deliberate attack on a single person, which must have been intended to cause death. But even assuming arguendo that this statement of New York law is correct, and assuming further that he is entitled to challenge his conviction as falling short of that standard, Garbutt still cannot prevail. Reading the evidence in the light most favorable to the verdict, as we must, we cannot conclude that no rational jury could have found Garbutt guilty of recklessness manifesting depraved indifference to human life. Garbutt approached Blanchard, with whom he had had a turbulent romantic relationship, in anger, carrying a large knife, and in the presence of Blanchard's daughter, Tolbert. He grabbed Blanchard away her from her daughter as he demanded her attention. During the resulting physical struggle, he pulled out the knife and began slashing, hitting both Blanchard and Tolbert.

From these actions, a reasonable a jury could have inferred that Garbutt stabbed Blanchard with the intent to cause her death. But a reasonable jury could equally have found that Garbutt had struck out in blind anger, without specifically intending to cause death, but with an awareness that his conduct could have deadly consequences for either Blanchard or Tolbert or both. The jury could further have inferred from the fact that Garbutt ran away before verifying that Blanchard had died that he had not intended to kill her. Moreover, a reasonable jury could also have found that Garbutt's violent and callous response to Blanchard's refusal to follow his orders, which endangered not only her but

7

also Tolbert, manifested exactly the sort of depraved indifference to human life that New York case law continues to treat as a mental state sufficient for a murder conviction.

Garbutt contends that under New York law, the jury was required to find that his killing of Blanchard was, like the killing in Hafeez, a "quintessentially intentional attack directed solely at the victim." 100 N.Y.2d at 258. But Hafeez is easily distinguished. The defendants in Hafeez jointly "plotted [their] revenge for months in advance," and "focused on first isolating, and then intentionally injuring, the victim," cornering him and delivering a "single deliberate wound" to the heart. Id. at 258-59. In contrast, Garbutt impulsively decided to confront Blanchard just hours before the attack, which occurred on a public street, and struck multiple blows with his knife in the direction of both the victim, who suffered more than one wound, and the victim's daughter Tolbert, whose coat was slashed and who was clearly put at risk of serious injury herself. Particularly in light of Garbutt's conduct after the stabbing, the jury could reasonably have found that Garbutt stabbed in a wild rage, heedless of the mortal risk to more than one person but not deliberately seeking the death of either.

For these reasons, assuming without deciding that we may reach Garbutt's constitutional claim on its merits, we could not conclude that the evidence was insufficient to support the jury's entirely reasonable verdict. A fortiori, the Appellate Division's conclusion that the evidence was sufficient to meet the state law definition was not an unreasonable application of federal constitutional law. Still less can we find it a miscarriage of justice that Garbutt, whose legal argument now depends on the premise

that any reasonable jury should have found that he committed murder by intentionally killing his victim, was instead convicted of murder on the theory that his state of mind was slightly differently, but equivalently, culpable.

## CONCLUSION

We have considered Garbutt's remaining arguments and find them to be without merit. Accordingly, the judgment of the district court is AFFIRMED.