# SUPREME COURT OF THE STATE OF NEW YORK
## *Appellate Division, Fourth Judicial Department*

**632**

**KA 10-01368**

PRESENT: CENTRA, J.P., FAHEY, PERADOTTO, CARNI, AND SCONIERS, JJ.

---

THE PEOPLE OF THE STATE OF NEW YORK, RESPONDENT,

V                                                    MEMORANDUM AND ORDER

BERNARD THOMAS, JR., DEFENDANT-APPELLANT.

---

THE LEGAL AID BUREAU OF BUFFALO, INC., BUFFALO (SUSAN C. MINISTERO OF COUNSEL), FOR DEFENDANT-APPELLANT.

FRANK A. SEDITA, III, DISTRICT ATTORNEY, BUFFALO (MICHAEL J. HILLERY OF COUNSEL), FOR RESPONDENT.

---

Appeal from a judgment of the Supreme Court, Erie County (Shirley Troutman, J.), rendered May 21, 2010. The judgment convicted defendant, upon a jury verdict, of murder in the second degree.

It is hereby ORDERED that the judgment so appealed from is unanimously affirmed.

Memorandum: Defendant appeals from a judgment convicting him upon a jury verdict of murder in the second degree (Penal Law § 125.25 [1]). We conclude at the outset that Supreme Court properly refused to suppress DNA evidence obtained from defendant and certain statements that defendant made to the police. Contrary to defendant's contention, the DNA evidence was not obtained in violation of his right to counsel. The court properly determined that defendant was not in custody until well after that evidence was obtained (*see generally People v Yukl*, 25 NY2d 585, 589, *cert denied* 400 US 851), and we thus conclude that defendant's waiver of the right to counsel during the interview in which that evidence was obtained was valid (*see People v Davis*, 75 NY2d 517, 522-523; *People v Casey*, 37 AD3d 1113, 1115-1116, *lv denied* 8 NY3d 983). Defendant's further contention that his constitutional rights were violated by the use of the recorded jailhouse telephone conversations between defendant and his mother is not preserved for our review (*see* CPL 470.05 [2]), and we decline to exercise our power to review it as a matter of discretion in the interest of justice (*see* CPL 470.15 [6] [a]). We conclude, however, that the court erred in refusing to suppress defendant's statements to his wife on the ground that they were subject to the marital privilege (*cf. People v Felton*, 145 AD2d 969, 970, *lv denied* 73 NY2d 1014). The record of the suppression hearing established that those statements were obtained surreptitiously by the police, inasmuch as defendant and his wife were unaware that the police were monitoring their conversation from an adjacent room.

Indeed, the statements were described at trial by the police rather than by defendant's wife. Nevertheless, we conclude that the error is harmless (*see generally People v Crimmins*, 36 NY2d 230).

Defendant further contends that he was denied a fair trial based on various erroneous rulings of the court at trial. Defendant failed to preserve for our review his contention that his constitutional right of confrontation was violated inasmuch as he failed to object to the questioning implicating that right during the prosecutor's cross-examination of him (*see generally People v Dombroff*, 44 AD3d 785, 787, *lv denied* 9 NY3d 1005), and we decline to exercise our power to review that contention as a matter of discretion in the interest of justice (*see* CPL 470.15 [6] [a]). Contrary to defendant's further contention, the court's " 'Sandoval* compromise . . . reflects a proper exercise of the court's discretion' " (*People v Kelly*, 79 AD3d 1642, 1642, *lv denied* 16 NY3d 832). Defendant contends that the court erred in denying his request to redact the recording of the jailhouse telephone call between defendant and his mother that was published by the People on rebuttal, in which defendant indicated that he would be willing to serve 10 to 15 years in prison. That contention lacks merit inasmuch as the court subsequently instructed the jury that it could not consider or speculate concerning matters related to sentencing or punishment, and the jury is presumed to have followed the court's instruction (*see People v Davis*, 58 NY2d 1102, 1103-1104; *People v McCullough*, 8 AD3d 1122, 1122-1123, *lv denied* 3 NY3d 709). Defendant did not preserve for our review his further contention that the court's limiting instruction should have been given when the subject recording was played for the jury (*see* CPL 470.05 [2]), and we decline to exercise our power to review that contention as a matter of discretion in the interest of justice (*see* CPL 470.15 [6] [a]). We note that the loss of the subject recording does not preclude our review of defendant's present contention because we may glean from the record the relevant information from the recording (*see People v Jackson*, 11 AD3d 928, 930, *lv denied* 3 NY3d 757; *see generally People v Yavru-Sakuk*, 98 NY2d 56, 60).

Even assuming, arguendo, that the court erred in denying defendant's request for a missing witness charge with respect to two witnesses (*see generally People v Savinon*, 100 NY2d 192, 196-197), we conclude that such error is harmless inasmuch as the evidence of defendant's guilt is overwhelming, and there is no significant probability that defendant would have been acquitted but for the error (*see generally Crimmins*, 36 NY2d at 241-242). Contrary to defendant's contention, the court properly refused to charge manslaughter in the second degree (Penal Law § 125.15 [1]) as an additional lesser included offense of murder in the second degree (§ 125.25 [1] [intentional murder]) as charged in the indictment. "Although we agree with defendant that manslaughter in the second degree may be a lesser included offense of intentional murder . . ., we conclude that there was no reasonable view of the evidence that would permit the jury to find that defendant committed manslaughter in the second degree but did not commit . . . intentional murder" (*People v Stanford*, 87 AD3d 1367, 1368, *lv denied* 18 NY3d 886; *see also People v*

*Gonzalez*, 302 AD2d 870, 871, *affd* 1 NY3d 464).

    We also conclude that the court properly denied defendant's motions for a mistrial based on the admission in evidence of defendant's October 28, 1975 statement to the police and the *Miranda* warnings card that defendant initialed in 1975 with respect to that statement.  Those exhibits were properly admitted in evidence subsequent to the testimony of a police detective who authenticated the documents (*see* Prince, Richardson on Evidence § 9-103 [b] [Farrell 11th ed]).  In addition, the court properly refused to grant defendant's motion for a mistrial based on one of the prosecutor's comments during summation (*see People v Stanton*, 43 AD3d 1299, 1299-1300, *lv denied* 9 NY3d 993).  Defendant failed to preserve for our review his further contention that he was deprived of a fair trial based on several other alleged instances of prosecutorial misconduct (*see* CPL 470.05 [2]; *People v Rumph*, 93 AD3d 1346, 1347; *People v Valez*, 256 AD2d 135, *lv denied* 93 NY2d 879).  In any event, " 'any alleged [prosecutorial] misconduct was not so pervasive or egregious as to deprive defendant of a fair trial' " (*People v Szyzskowski*, 89 AD3d 1501, 1503).  The contention of defendant that he was denied a fair trial by the court's failure to submit to the jury the issue of the voluntariness of his statements to the police is also not preserved for our review inasmuch as defendant did not request that relief at trial, and we decline to exercise our power to review defendant's contention as a matter of discretion in the interest of justice (*see People v Torres*, 205 AD2d 350, 350-351, *lv denied* 84 NY2d 873).  There is no merit to defendant's further contention that the court erred in denying his motion for a trial order of dismissal with respect to the felony murder counts, of which he was acquitted. Defendant speculates that the alleged error "may well have led to a compromise verdict," but "[a] compromise verdict is not a ground for reversal provided the verdict is not repugnant" (*People v Fontanez*, 254 AD2d 762, 765, *lv denied* 93 NY2d 852 [internal quotation marks omitted]), and defendant does not contend that the verdict is repugnant.

    Defendant waived his contention that the court erred in discharging a sworn juror at trial by consenting to such discharge (*see People v Barner*, 30 AD3d 1091, 1092, *lv denied* 7 NY3d 809; *cf. People v Noguel*, 93 AD3d 1319, 1320; *see also People v Davis*, 83 AD3d 860, 861; *see generally People v Colon*, 90 NY2d 824, 826).  Viewing the evidence, the law and the circumstances of this case, in totality and as of the time of the representation, we reject defendant's contention that he was denied effective assistance of counsel (*see generally People v Baldi*, 54 NY2d 137, 147).  Defendant's challenge to the legal sufficiency of the evidence is not preserved for our review because he failed to renew his motion for a trial order of dismissal after presenting evidence (*see People v Hines*, 97 NY2d 56, 61, *rearg denied* 97 NY2d 678).  In any event, that challenge lacks merit. Viewing the evidence in the light most favorable to the People (*see People v Contes*, 60 NY2d 620, 621), "we conclude that defendant's intent to kill the victim was inferable from his conduct" (*People v Lewis*, 93 AD3d 1264, 1267; *see People v Geddes*, 49 AD3d 1255, 1255-

1256, *lv denied* 10 NY3d 863; *cf. Gonzalez*, 302 AD2d at 871).  In addition, viewing the evidence in light of the elements of the crime as charged to the jury (*see People v Danielson*, 9 NY3d 342, 349), we further conclude that the verdict is not against the weight of the evidence (*see generally People v Bleakley*, 69 NY2d 490, 495). Finally, the sentence is not unduly harsh or severe.

Entered:  June 29, 2012                           Frances E. Cafarell
                                                  Clerk of the Court