13-350-pr
*Brown v. Ercole*

## UNITED STATES COURT OF APPEALS
## FOR THE SECOND CIRCUIT

### SUMMARY ORDER

**Rulings by summary order do not have precedential effect. Citation to a summary order filed on or after January 1, 2007, is permitted and is governed by Federal Rule of Appellate Procedure 32.1 and this court's Local Rule 32.1.1. When citing a summary order in a document filed with this court, a party must cite either the Federal Appendix or an electronic database (with the notation "summary order"). A party citing a summary order must serve a copy of it on any party not represented by counsel.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 25th day of April, two thousand fourteen.

PRESENT:

GUIDO CALABRESI,
JOSÉ A. CABRANES,
DEBRA ANN LIVINGSTON,
   *Circuit Judges.*

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -x

ROHAN BROWN (STATE PRISONER: 03-A-6919),

  *Petitioner-Appellant,*

   -v.-            No. 13-350-pr

ROBERT E. ERCOLE, SUPERINTENDENT, GREEN HAVEN CORRECTIONAL FACILITY,

  *Respondent-Appellee.*

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -x

**FOR PETITIONER-APPELLANT:**    Sally Wasserman, New York, NY.

**FOR RESPONDENT-APPELLEE:**    Joseph N. Ferdenzi, Justin J. Braun, Assistant District Attorneys, for Robert T. Johnson, District Attorney, Bronx County, Bronx, NY.

Appeal from a judgment, entered December 12, 2012, of the United States District Court for the Southern District of New York (Naomi Reice Buchwald, *Judge*).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgment of the District Court is **AFFIRMED**.

Petitioner Rohan Brown appeals from the District Court's denial of a motion under Federal Rule of Civil Procedure 60(b) seeking to vacate the prior dismissal of his *habeas* petition.

Brown was convicted November 25, 2003 of depraved indifference murder (N.Y. Penal Law § 125.25(2)) and sentenced December 17, 2003 to an indeterminate sentence of eighteen years to life in state prison.

Brown initially filed a petition for *habeas corpus* in the District Court for the Southern District of New York, arguing that the evidence at trial was legally insufficient to support his conviction for depraved indifference murder, because the evidence showed an intentional killing. Although he acknowledged that this claim had not been preserved at trial, in the face of that procedural default he argued (1) that it would have been futile for his trial counsel to contemporaneously object, and (2) that his counsel's failure to raise the legal insufficiency argument at trial constituted ineffective assistance, which in turn constituted cause for the default. The District Court granted *habeas* relief on the grounds that it would have been futile for trial counsel to object. It did not address the ineffectiveness grounds for default. *Brown v. Ercole*, No. 07 Civ. 11609 (NRB), 2009 WL 857625 (S.D.N.Y. Mar. 31, 2009).

On appeal, we reversed. *Brown v. Ercole*, 353 F. App'x 518 (2d Cir. 2009) (summary order). The panel concluded that the futility argument failed, because "New York state courts had not *consistently* rejected the claim that a conviction for depraved indifference murder was unsupported by the evidence." *Id.* at 520 (internal quotation marks omitted) (emphasis original). Accordingly, the panel concluded that Brown's *habeas* claims were procedurally forfeited. The summary order did not address (or even mention) the alternative grounds of ineffectiveness, but in its decretal language stated:

> Because Brown has not shown cause for the procedural default of his constitutional claim, we need not consider whether he suffered prejudice. *We have considered Brown's other arguments and find them to be without merit, though he may have redress in state court for claims we do not address here.*
>
> Accordingly, we REVERSE the District Court's grant of Brown's habeas petition and REMAND with directions to dismiss the petition.

*Id.* at 520–21 (emphasis supplied).

On remand, the District Court dismissed the petition with prejudice.

Thereafter, Brown brought a *pro se habeas* petition in the New York state courts seeking to vacate his conviction based on ineffective assistance of counsel ("Section 440 petition"). Brown's Section 440 petition was denied. *See People v. Brown*, 938 N.Y.S.2d 229 (table) (Sup. Ct. 2011).

This case followed. Brown seeks Rule 60(b)(6) relief on two grounds: (1) our previous Order failed to rule on his argument that his counsel's ineffective assistance constituted cause for the procedural default; and (2) the District Court failed to hold his *habeas* petition in abeyance while Brown pursued his Section 440 petition in state court. Brown contends that relief is warranted because of "changed circumstances," since he has now exhausted his state court remedies.

The District Court found that it was "possible" that the Second Circuit had previously denied Brown's ineffective assistance claim on the merits, rather than on exhaustion grounds, and thus the District Court was without jurisdiction to consider the 60(b)(6) motion.

We granted a certificate of appealability on several questions, including "[w]hether this Court, in its previous Orders relating to this case, has already denied Brown's ineffective assistance claim on the merits."

**DISCUSSION**

Rule 60(b)(6) provides that "[o]n motion and just terms, the court may relieve a party or its legal representative from a final judgment, order, or proceeding for the following reasons: . . . (6) any other reason that justifies relief." Fed. R. Civ. P. 60(b). We review district court rulings on Rule 60(b) motions for abuse of discretion. *Rodriguez v. Mitchell*, 252 F.3d 191, 200 (2d Cir. 2001).

A motion to reopen a *habeas* proceeding under Rule 60(b) is permissible where it "relates to the integrity of the federal habeas proceeding, not to the integrity of the state criminal trial." *Rodriguez*, 252 F.3d at 199; *see also Gonzalez v. Crosby*, 545 U.S. 524, 538 (2005). The remedy, if granted, is simply "the reopening of the federal habeas proceeding." *Rodriguez*, 252 F.3d at 199. Here, Brown's motion to reopen his previous federal *habeas* proceeding is not barred as a second or successive petition, because it addresses itself to the prior *habeas* proceeding.

Where there has been a "'change in circumstances' that was not considered by the appellate court, . . . the district court ha[s] jurisdiction to review [a] motion for relief under Rule 60(b)." *DeWeerth v. Baldinger*, 38 F.3d 1266, 1271 (2d Cir. 1994). However, there is no Rule 60(b) jurisdiction where "the doctrine of the law of the case applies to issues that have been decided either expressly or by necessary implication." *Id.* at 1271.

Here, Brown argues there has been a "change in circumstances" because he has now exhausted his ineffective assistance claim in the state courts. The relevant question is on what basis we previously dismissed Brown's petition: failure to exhaust or the merits. If it were on the merits, Brown's Rule 60(b) motion is barred by the law of the case. If it were for failure to exhaust, the motion may be granted and the District Court may vacate its prior judgment and address the *habeas* claim.

As a general matter, arguments that are dismissed as "without merit" are considered to have been addressed on the merits, even where not expressly enumerated. *See Francolino v. Kuhlman*, 365 F.3d 137, 141 (2d Cir. 2004). In addition, the previous panel remanded "with directions to dismiss the petition," which suggests that there were no remaining grounds for relief. However, the panel explicitly noted that unaddressed claims might have redress in state court. Ineffective assistance of counsel was the only possible such claim, because all other claims had either already been addressed by the state court or were procedurally defaulted. It might well be that the prior panel decided Brown's *federal* ineffective assistance claim, and on remand, left open—for possible "redress in state court"—only the question of ineffective assistance under *state* law. But the panel's holding is not entirely clear on this point. Nor did the panel specify whether the claims should be dismissed with or without prejudice.

Under the circumstances, we deem it appropriate to interpret the Order of the prior panel to have ruled on exhaustion grounds, and so we treat the question of whether petitioner has made out a claim of ineffective assistance as an open one.

In most instances, we would vacate and remand to the district court for consideration of that question. In this case, however, we do not believe that is necessary. The state court, in its Section 440 decision, ruled that counsel was defective for failing to object to the depraved indifference murder charge and verdict, but it explicitly ruled that this failure did not prejudice Brown. As a result, petitioner's ineffective assistance claim failed, and the state denied Brown's Section 440 petition. This holding constituted a state court determination that, on the facts before it, and under the law of New York, petitioner could be found guilty of depraved indifference murder. Accordingly, we may find the second prong of *Strickland v. Washington*, 466 U.S. 668 (1984)—which requires petitioner to show that counsel's error caused him prejudice—met only if the state's holding is not merely wrong, but unreasonable.

4

Brown argues that no AEDPA deference is warranted, because the state court relied only on New York ineffective-assistance case law and did not cite *Strickland*. However, "this Court has repeatedly held that application of the New York state standard is not contrary to *Strickland*." *Rosario v. Ercole*, 601 F.3d 118, 126 (2d Cir. 2010). A state court need not employ the precise language of the federal standard in order to qualify for AEDPA deference. *Id.* at 128. In cases of this sort, where the question of reasonableness involves a state court's own interpretation of state law, our deference is doubly strong. It is, after all, up to New York to tell us what its law requires, and it is singularly difficult for us to hold that a New York court's interpretation of New York law is not just wrong, but unreasonable. *See, e.g., Garbutt v. Conway*, 668 F.3d 79, 81 (2d Cir. 2012) (per curiam) (specifically dealing with depraved indifference murder).

On the facts of this case, the state court's holding was clearly not unreasonable. Accordingly, we **AFFIRM** the order of the district court.

FOR THE COURT,
Catherine O'Hagan Wolfe, Clerk of Court