Kinley v. Artus

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

# SUMMARY ORDER

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 27th day of June, two thousand fourteen.

PRESENT: DENNIS JACOBS,
         CHESTER J. STRAUB,
         REENA RAGGI,
                    Circuit Judges.

- - - - - - - - - - - - - - - - - - - -X
Robert Kinley,
         Petitioner-Appellant,

         -v.-                                12-2596

Dale A. Artus,
         Respondent-Appellee.

- - - - - - - - - - - - - - - - - - - -X

FOR APPELLANT:              SALLY WASSERMAN, Law Office of
                           Sally Wasserman, New York, New
                           York.

FOR APPELLEES:             RUTH E. ROSS (Leonard Joblove,
                           Solomon Neubort, on the brief),

Assistant District Attorneys, *for* Charles J. Hynes, District Attorney Kings County, Brooklyn, New York.

Appeal from a judgment of the United States District Court for the Eastern District of New York (Brodie, J.).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED AND DECREED** that the judgment of the district court be **AFFIRMED**.

Robert Kinley appeals from the denial of his petition for a writ of habeas corpus challenging his New York State conviction, following a jury trial, for depraved indifference murder. See N.Y. Penal Law § 125.25[2]. Relying on a New York Court of Appeals decision reinterpreting the elements of depraved indifference murder, Kinley argues that the evidence at trial was insufficient as a matter of law. See People v. Feingold, 7 N.Y.3d 288 (2006). The evidence, Kinley asserts, showed that he acted with the specific intent to kill rather than with depraved indifference to human life.

We granted a certificate of appealability to decide "(1) whether, despite his procedural default in state court, Appellant may raise his legal sufficiency of the evidence claim, pursuant to the fundamental miscarriage of justice exception in Murray v. Carrier, 477 U.S. 478, 496 (1986); and (2) if the Appellant satisfies the fundamental miscarriage of justice exception and may raise his claim, whether Appellant's conviction for depraved indifference murder was supported by legally sufficient evidence."

We consider the miscarriage-of-justice question de novo. See Cornell v. Kirkpatrick, 665 F.3d 369, 374 (2d Cir. 2011). We assume the parties' familiarity with the facts and record of prior proceedings.

"As a general rule, claims forfeited under state law may support federal habeas relief only if the prisoner demonstrates cause for the default and prejudice from the asserted error." House v. Bell, 547 U.S. 518, 536 (2006). "The bar is not, however, unqualified." Id. The Supreme Court has recognized "a miscarriage-of-justice exception" in circumstances necessary to "correct[] a fundamentally unjust incarceration." Id. (internal quotation marks omitted).

2

Miscarriage occurs only "in an extraordinary case, where a constitutional violation has probably resulted in the conviction of one who is actually innocent." Carrier, 477 U.S. at 496. "'[A]ctual innocence' means factual innocence, not mere legal insufficiency." Dunham v. Travis, 313 F.3d 724, 730 (2d Cir. 2002) (alteration in original) (quoting Bousley v. United States, 523 U.S. 614, 623 (1998)) (internal quotation marks omitted). Moreover, that factual innocence requirement applies not only to the count of conviction, but also to charges that are equally or more serious. See Bousley, 523 U.S. at 624 (holding, in context of challenged conviction based on guilty plea, that petitioner's burden to demonstrate actual innocence extends to more serious charges forgone by government in course of plea bargaining).

Kinley does not argue that he is actually innocent of killing his victim, Nathalie Lodge. Instead, he argues that it would be a miscarriage of justice to reject his sufficiency claim as procedurally barred because he is actually innocent of the particular crime of depraved indifference murder, which requires the precise mens rea outlined in Feingold. The verdict, however, is consistent with the defense advanced at trial that Kinley had killed Lodge by accident. Only afterward, on appeal, did the defense argue that "there was no possible explanation for the use of the belt around Lodge's neck and the plastic bag over her head that could even remotely have suggested accident or a mens rea other than intentional."

There is nothing "fundamentally unjust," House, 547 U.S. at 536 (internal quotation marks omitted), about Kinley's continued incarceration for what he indisputably did: kill Nathalie Lodge by inflicting blunt impact head trauma and suffocating her. Whether acting intentionally or with a depraved indifference, Kinley committed second degree murder under New York criminal law, circumstances that do not demonstrate the actual innocence requiring us to address the merits of Kinley's defaulted sufficiency claim in order to avoid manifest injustice. Garbutt v. Conway, 668 F.3d 79, 83 (2d Cir. 2012) (per curiam) (concluding that a miscarriage of justice did not exist where the petitioner was convicted of depraved indifference murder and argued that he should have been convicted of intentional murder); see also Calderon v. Thompson, 523 U.S. 538, 559 (1998) ("[T]he miscarriage of justice exception is concerned with actual as compared to legal innocence." (alteration in

3

original) (internal quotation marks omitted)); <u>Dunham</u>, 313 F.3d at 730. In any event, the verdict of guilty on depraved indifference murder is consistent with the defense advanced at trial. Kinley told the jury that, in assaulting Lodge, he never intended to kill her and went to bed thinking that she was still alive. To the extent this testimony could have raised a reasonable doubt as to Kinley's specific murderous intent, a reasonable jury could nevertheless have found that for him to go to bed when Lodge was no longer moving after a brutal assault manifested a <u>mens rea</u> of depraved indifference. <u>See</u> <u>People v. Suarez</u>, 6 N.Y.3d 202, 212 (2005) (stating that abandoning "helpless and vulnerable victim" who is "highly likely to die . . . -- arising from a situation created by the defendant--properly establishes depraved indifference murder"); <u>see also</u> <u>Garbutt</u>, 668 F.3d at 82 (rejecting sufficiency claim because jury could have inferred from fact that defendant ran away without ascertaining if victim had died that he had not intended to kill her).

For the foregoing reasons, and finding no merit in Kinley's other arguments, we hereby **AFFIRM** the judgment of the district court.

FOR THE COURT:
CATHERINE O'HAGAN WOLFE, CLERK

4