10-224-pr
Rivera v. Cuomo

UNITED STATES COURT OF APPEALS

FOR THE SECOND CIRCUIT

--------

August Term, 2010

(Argued: May 13, 2011          Decided: December 16, 2011)

Docket No. 10-224-pr

------------------------------------------------------------------X

JOHN RIVERA,

*Petitioner/Appellant*,

- v. -

ANDREW CUOMO, NEW YORK STATE ATTORNEY
GENERAL and JOSEPH SMITH, SUPERINTENDENT,
SHAWANGUNK CORRECTIONAL FACILITY,

*Respondents/Appellees*.

------------------------------------------------------------------X

WILLIAM CARNEY, The Legal Aid Society, Criminal Appeals Bureau,
New York, New York, *for Petitioner-Appellant*.

CHARLES J. HYNES (Leonard Joblove and Seth M. Lieberman,
Assistant District Attorneys), District Attorney, Kings County,
Brooklyn, New York, *for Respondents-Appellees*.

Before:  McLAUGHLIN, POOLER, PARKER, *Circuit Judges*.

PER CURIAM:

The petitioner-appellant John Rivera appeals from a judgment entered in the United States District Court for the Eastern District of New York (Townes, *J.*) denying his petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254.

Rivera was convicted after a jury trial of murder in the second degree in violation of New York Penal Law § 125.25(2), arising out of the death of his estranged wife, Kimberly Cassas, from a single gunshot wound to her head at point-blank range. Specifically, Rivera was convicted of depraved indifference murder, but was acquitted of intentional murder. The Appellate Division affirmed his conviction on direct appeal, *People v. Rivera*, 2 A.D.3d 884 (2d Dep't 2003), and, on April 14, 2004, Rivera was denied leave to appeal to the N.Y. Court of Appeals, *People v. Rivera*, 2 N.Y.3d 764 (2004).

Rivera subsequently filed a petition for a writ of habeas corpus in the Eastern District of New York on the sole ground that, by upholding his conviction for depraved indifference murder, the state courts unreasonably applied the rule of *Jackson v. Virginia*, 443 U.S. 307 (1979), that a jury find each element of the crime beyond a reasonable doubt. Applying the law of depraved indifference in existence at the time Rivera was convicted in September 1997, the district court denied relief. *See Rivera v. Cuomo*, No. 05-CV-1699, 2009 WL 4929264, at *23 (E.D.N.Y. Dec. 21, 2009).

On August 9, 2011, we issued a decision finding, in pertinent part, that (1) the district court erred in applying the law of depraved indifference murder in existence at the time Rivera was convicted in September 1997, rather than at the time

2

Rivera's conviction became final in July 2004, and (2) under the law of depraved indifference murder as it existed in July 2004, no rational jury could have found Rivera guilty of depraved indifference murder, rather than intentional murder or reckless manslaughter, and therefore upholding Rivera's conviction for depraved indifference murder constituted an "unreasonable application of clearly established federal law."  On this basis, we reversed the judgment of the district court and remanded with instructions to grant Rivera's petition for a writ of habeas corpus.

Subsequent to our decision, Respondents filed a petition for panel rehearing or rehearing en banc, and the United States Supreme Court decided *Cavazos v. Smith*, which strongly reasserted "the necessity of deference to state courts in § 2254(d) habeas cases."  132 S. Ct. 2, 5 (2011).  In light of Respondents' petition and the Supreme Court's guidance in *Cavazos*, we have revisited our original decision to ensure that we had afforded the state courts and the jury the full extent of the deference they are owed under the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), 112 Stat. 1214.  *See Cavazos*, 132 S. Ct. at 3 (emphasizing the double deference owed in § 2254(d) habeas cases).  After much reflection, we now reverse course.  Applying the law as it existed after Rivera's conviction became final in July 2004, we find that although evidence of "significantly

3

heightened recklessness," *People v. Sanchez*, 98 N.Y.2d 373, 380 (2002), was slim, at best, giving the state courts and the jury the utmost deference, we cannot find that the evidence was *so* completely lacking that *no* rational jury could have found Rivera guilty of depraved indifference murder. *See Cavazos*, 132 S. Ct. at 1-5; *Renico v. Lett*, 130 S. Ct. 1855, 1862 (2010). Therefore, we have no choice but to uphold the decision of the state court. *See Renico*, 130 S. Ct. at 1862 (explaining that "an *unreasonable* application of federal law is different from an *incorrect* application of federal law," and "a federal habeas court may not issue [a] writ simply because . . . the relevant state-court decision applied clearly established federal law erroneously or incorrectly" (internal quotation marks and citations omitted)).

Accordingly, the judgment of the district court hereby is AFFIRMED.

4