10-2510-cv
Parker v. Ercole

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

August Term, 2011

(Argued: November 14, 2011                    Decided: January 23, 2012)

Docket No. 10-2510-cv


CLAY PARKER,

       *Petitioner-appellant*,

       v.

ROBERT E. ERCOLE, Superintendent, Greenhaven Correctional Facility,

       *Respondent-appellee.*


Before: KEARSE, MCLAUGHLIN, and CABRANES, *Circuit Judges.*

       Appeal from a judgment denying appellant's petition for a writ of habeas corpus. Because the evidence was sufficient to support appellant's conviction of "depraved indifference" murder under New York law, his counsel's failure to preserve a claim of insufficiency in the trial court was not prejudicial.


       JULIA PAMELA HEIT, New York, NY, *for petitioner-appellant.*

       LISA ELLEN FLEISCHMANN, Assistant Attorney General (Eric T. Schneiderman, Attorney General, Barbara D. Underwood, Solicitor General, and Roseann B. MacKechnie, Deputy Solicitor General, *on the brief*), Office of the Attorney General of the State of New York, New York, NY, *for respondent-appellee.*

1

PER CURIAM:

Petitioner-appellant Clay Parker ("Parker"), currently in the custody of the New York Department of Correctional Services, having been convicted in a New York state court of second-degree murder, appeals from a judgment of the United States District Court for the Northern District of New York (James K. Singleton, Jr., United States District Judge for the district of Alaska, sitting by designation), denying his petition for a writ of habeas corpus under 28 U.S.C. § 2254. On October 20, 2010, we granted Parker's motion to proceed *in forma pauperis* and for a certificate of appealability on two issues: (1) whether Parker's counsel was ineffective as a result of failing to preserve his claim that there was insufficient evidence to convict him of depraved-indifference murder; and (2) in connection with the foregoing ineffective-assistance claim, whether the evidence was sufficient to support Parker's conviction for depraved-indifference murder. *See Parker v. Ercole*, No. 10-2510 (2d Cir. Oct. 20, 2010), ECF No. 16. We now hold that, because the evidence was sufficient to support Parker's conviction for depraved-indifference murder, his counsel was not constitutionally ineffective for failing to preserve the claim.

### Background

Parker was tried in the Albany County Court on a "twin indictment" alleging two counts of second-degree murder in violation of N.Y. Penal Law § 125.25. Count One charged him with intentional murder under § 125.25(1), which requires a finding that he acted with "intent to cause the death of another person." Count Two charged him with depraved-indifference murder under § 125.25(2), which requires a finding that, "[u]nder circumstances evincing a depraved indifference to human life, [the defendant] recklessly engages in conduct which creates a grave risk of death to another person, and thereby causes the death of another person."

The evidence at trial showed that, after a night of drinking, Parker and his friend Sanchez stole the cars of Pat Johnson (the victim), and a friend of Johnson's. When Johnson and his friend confronted them, a fight broke out and Johnson punched Sanchez in the face, knocking him to the ground. At this point,

a witness heard Parker announce "I got something for that nigga" and then heard a "pop" as a single rifle shot was fired from inside the front hallway of a residence across the street from where Johnson was pacing back and forth amidst several other people. Johnson, who was struck by the bullet, ran away and collapsed between a car and a snowbank. His body was not found for several hours and none of Johnson's friends believed he had been killed in the interim. However, Parker was heard bragging in the meantime that he had shot Johnson. Parker testified on his own behalf and maintained that he was not the shooter.

At summation, both Parker's counsel and the Assistant District Attorney generally agreed that the evidence showed that the murder was intentional and that the only question was whether it was Parker who pulled the trigger. The ADA, however, alternatively suggested that, "if you don't find that [Parker intentionally killed Johnson] because you don't know what was in his head, you should find that it was depraved indifference murder and he acted depraved." The jury acquitted Parker of intentional murder and found him guilty of depraved-indifference murder.

Parker moved to set aside the verdict on the ground that the trial court had erred in submitting the depraved-indifference count to the jury, because "the only reasoned view of the record . . . was that the single shot from the scoped rifle, was an intentional act to kill." The trial court denied the motion, finding that there was sufficient evidence to support the jury's conclusion that this was a depraved-indifference murder, and not an intentional murder. The trial court did not suggest that Parker had failed to preserve the sufficiency claim.

Parker appealed to the Appellate Division, Third Department, again arguing that the evidence was insufficient to sustain a verdict on the depraved-indifference count and that the jury's verdict was against the weight of the evidence. The Appellate Division found that Parker's sufficiency claim was unpreserved because his counsel had only generally moved to dismiss the charges at the close of the State's case. "[U]nder the circumstances of this case," it "decline[d] to reverse defendant's conviction in the interest of justice on this basis." *See People v. Parker*, 814 N.Y.S. 2d 818, 820 n.1 (3d Dep't 2006), *aff'd* 7 N.Y.3d 907 (2006).

3

The Appellate Division went on to address Parker's separate claim that the conviction was against the weight of the evidence. Reviewing the record, the Appellate Division held that the evidence showed that "this was not a preplanned revenge shooting or a one-on-one, point-blank shooting between feuding individuals, but a sudden and spontaneous act which endangered numerous people such that the verdict of depraved indifference, as opposed to an intentional killing, could have been reached." *Id.* at 821 (internal citations omitted). Under New York law, a weight-of-the-evidence claim requires more exacting review than an insufficiency claim, because it entails a weighing of the evidence and an assessment of the credibility of the State's witnesses. *See People v. Bleakley*, 69 N.Y.2d 490, 495 (1987). Therefore, to the extent the Appellate Division decided that Parker's conviction was not against the weight of the evidence, it necessarily decided that there was sufficient evidence to support the verdict.

Parker appealed to New York's highest court, raising the same claims as well as a separate claim that, to the extent the sufficiency argument was not preserved for appellate review, this owed to ineffective assistance of counsel. The Court of Appeals affirmed, holding that Parker's "claim that the evidence was legally insufficient to support the verdict is unpreserved, his claim that the verdict was against the weight of the evidence is beyond our power to review, and his ineffective assistance of counsel claim is without merit." *People v. Parker*, 7 N.Y.3d 907, 907–08 (2006).

Parker then filed a petition for a writ of habeas corpus in the District Court for the Northern District of New York, arguing again that the evidence was insufficient to support his conviction for depraved-indifference murder and that, if his trial counsel failed to preserve the sufficiency claim, then he received ineffective assistance of counsel. The District Court denied the petition, finding first that Parker had failed to preserve his sufficiency claim, but proceeding to address the sufficiency of the evidence because it was necessary to do so in order to rule on Parker's ineffective-assistance claim. The District Court concluded that Parker "would not have prevailed in the New York Court of Appeals on his claim

4

that the verdict was not supported by sufficient evidence," and therefore could not sustain his ineffective-assistance claim because he "cannot show prejudice." *Parker v. Conway*, No. 07-cv-373, 2010 WL 1854079, at *7 (N.D.N.Y. May 7, 2010).

We granted a certificate of appealability and now affirm the judgment of the District Court for substantially the reasons stated in its careful opinion of May 7, 2010.

**Discussion**

We review *de novo* a district court's denial of a petition for a writ of habeas corpus. *See Henry v. Ricks*, 578 F.3d 134, 137 (2d Cir. 2009). The writ may not issue for any claim adjudicated on the merits by a state court unless the state court's decision was "contrary to, or involved an unreasonable application of, clearly established Federal law as determined by the Supreme Court of the Untied States," or was "based on an unreasonable determination of the facts in light of the evidence presented in the State Court proceeding." 28 U.S.C. § 2254(d)(1)–(2). The state court's findings of fact are presumed to be correct unless the petitioner can rebut this presumption by clear and convincing evidence. *Id.* § 2254(e)(1).

It is undisputed that Parker failed to preserve his claim that the evidence proving his guilt of depraved-indifference murder was insufficient to support the jury's verdict. We therefore do not independently review Parker's sufficiency claim because it is procedurally barred. *See Rhagi v. Artuz*, 309 F.3d 103, 107 (2d Cir. 2002) ("[T]here is a substantial basis in New York law for the Appellate Division's conclusion that appellant did not make the precise nature of his objection clear to the state trial court at the appropriate time, and thus he failed to preserve his objection for appeal." (citing New York cases)).

Parker argues, however, that his failure to preserve the claim was due to the ineffectiveness of his trial counsel. The New York Court of Appeals rejected Parker's ineffective-assistance claim without elaboration. We therefore review the claim *de novo*, assuming that the state court decided the claim on the merits and that its decision rested on federal grounds. *See Jimenez v. Walker*, 458 F.3d 130, 145 (2d Cir.

5

2006) (explaining that, "[a]bsent a clear and express statement of reliance on a state procedural bar," we presume that a cursory state court decision "rest[s] on the merits of the federal claim").

To succeed on a claim of ineffective assistance of counsel, a petitioner must demonstrate both that (1) the performance of his counsel was objectively unreasonable and (2) there is a reasonable probability that, but for his counsel's deficient performance, the result of the proceeding would have been different. *Strickland v. Washington*, 466 U.S. 668, 687–88, 694 (1984); *see also Bennett v. United States*, 663 F.3d 71, 84–85 (2d Cir. 2011). We need only consider the second prong here, for where "it is easier to dispose of an ineffectiveness claim on the ground of lack of sufficient prejudice [than on the ground of objectively unreasonable performance] . . . that course should be followed." *Strickland*, 466 U.S. at 697.

As the District Court observed, to satisfy the second prong of the *Strickland* test, Parker must show that, but for his counsel's failure to preserve his sufficiency claim, there is a reasonable probability that the claim would have been considered on appeal and, as a result, his conviction would have been reversed. Parker cannot make this showing, however, because the Appellate Division *did*, implicitly, address this claim, even though it had not been preserved at trial. *See Bierenbaum v. Graham*, 607 F.3d 36, 57 (2d Cir. 2010) (holding that, where Appellate Division reviewed insufficiency claim despite it being unpreserved, petitioner could not claim that his counsel was ineffective in failing to preserve the issue for appeal). As explained above, the Appellate Division addressed on the merits Parker's claim that his conviction was against the weight of the evidence, and this review necessarily subsumed review of his sufficiency claim. In this regard, the Appellate Division found as follows:

> The distance between [Parker], who was a novice user of the subject rifle, and the people across the street, was hardly close. All of the witnesses testified that the "shooter" was standing inside the hallway of a residence on the opposite side of the street. The victim, his girlfriend, their male companion and two of [Parker's] own friends were located across the street from this residence near the victim's parked car. Another of [Parker's] friends was also in the immediate vicinity. Moreover, it was dark outside, the street was dimly lit and the weather was described as "a blizzard." . . . .

6

> While the jury heard testimony from one witness, who acknowledged that he had changed his statement to police a couple of times and who was himself threatened with being charged with murder, that [Parker] allegedly told him that he put the scope [of the rifle] on the victim's chest that morning, they also heard evidence from the victim's girlfriend that the victim was pacing back and forth on the street at the time the shot was fired. The jury further heard testimony that, just minutes before the shooting, [Parker] refused to participate in his companions' decision to steal the victim's car because he and the victim had been childhood friends.

*Parker*, 814 N.Y.S.2d at 820–21. Therefore, the Appellate Division held that "there is ample record support for the jury's decision that [Parker's] conduct that morning was reckless and depraved rather than intentional." *Id.* at 821.

This holding was not contrary to, or an unreasonable application of, clearly established federal law. The Supreme Court set out the constitutional standard for sufficiency of the evidence in *Jackson v. Virginia*: "[T]he relevant question is whether, after viewing the evidence in the light most favorable to the prosecution, *any* rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt." 443 U.S. 307, 319 (1979) (emphasis in original). In considering this question, we view the evidence in the light most favorable to the government and draw all permissible inferences in its favor. *United States v. Dae Whan Kim*, 435 F.3d 182, 184 (2d Cir. 2006) (per curiam). Under this standard, for the reasons expressed by the Appellate Division, we are convinced that there was sufficient evidence for a rational trier of fact to find that Parker acted recklessly and with depraved indifference when he shot Johnson, and not with the intent to kill. *Cf. Rivera v. Cuomo*, 664 F.3d 20, 2011 WL 6287960, at *1 (2d Cir. Dec. 16, 2011) ("[A]lthough evidence of significantly heightened recklessness was slim, at best, giving the state courts and the jury the utmost deference, we cannot find that the evidence was *so* completely lacking that *no* rational jury could have found Rivera guilty of depraved indifference murder." (internal quotation marks and citation omitted)). We find particularly relevant the

7

fact that Parker fired a single shot from inside a house, at some distance across the street, into a crowd of people, and did not pursue Johnson, the victim, even when it initially appeared that Johnson was not mortally wounded by the shot.

Therefore, we conclude that Parker cannot satisfy the *Strickland* standard because, even if his counsel's failure to preserve his sufficiency claim was objectively unreasonable, there is no reasonable probability that, but for that failure, the result of Parker's state-court proceedings would have been different. Although we do not directly reach Parker's sufficiency claim, the foregoing analysis reveals that, even if it were not procedurally barred, the claim would fail because there was sufficient evidence to support the jury's verdict.

## CONCLUSION

We have considered all of Parker's arguments on appeal and find them to be without merit. Accordingly, for the reasons stated above, we **AFFIRM** the judgment of the District Court.