No. 10-4424-pr
McClary v. Conway

**UNITED STATES COURT OF APPEALS
FOR THE SECOND CIRCUIT**

**SUMMARY ORDER**

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Daniel Patrick Moynihan United States Courthouse, 500 Pearl Street, in the City of New York, on the 17th day of July, two thousand twelve.

PRESENT: JON O. NEWMAN,
RAYMOND J. LOHIER, JR.,
CHRISTOPHER F. DRONEY,
*Circuit Judges.*

------------------------------------------------------------------

DAVID McCLARY,

*Petitioner-Appellant,*

v.                                                                No. 10-4424-pr

JAMES T. CONWAY,

*Respondent-Appellee.*

------------------------------------------------------------------

FOR APPELLANT:           JEREMY GUTMAN, ESQ., New York, NY.

FOR APPELLEE:            SHULAMIT ROSENBLUM NEMEC, Assistant District Attorney (Leonard Joblove, Victor Barall, Assistant District Attorneys, *on the brief*) *for* Charles J. Hynes, District Attorney for Kings County, Brooklyn, NY.

Appeal from a judgment of the United States District Court for the Eastern District

1

of New York (Eric N. Vitaliano, *Judge*).

UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that the judgment of the District Court is AFFIRMED.

Petitioner-Appellant David McClary appeals from a judgment entered on October 6, 2010, dismissing his petition for habeas corpus relief pursuant to 28 U.S.C. § 2254, but issuing a certificate of appealability as to his claim of ineffective assistance of counsel. McClary killed a man with a single punch to the head. McClary was convicted in 2002, after a jury trial in the Supreme Court of New York, of murder in the second degree, for which he was sentenced to a term of imprisonment of twenty-five years to life (later reduced by the Appellate Division, Second Department, to twenty years to life). On appeal, he asserts that the District Court improperly denied his petition, and did so without the benefit of the complete state court record. We assume the parties' familiarity with the facts and record of the prior proceedings, which we reference only as necessary to explain our decision to affirm.

"We review <u>de novo</u> a district court's denial of a petition for a writ of habeas corpus." <u>Parker v. Ercole</u>, 666 F.3d 830, 834 (2d Cir. 2012). Where a state court adjudicated a claim on the merits, such a petition may not be granted unless the state court's decision "was contrary to, or involved an unreasonable application of, clearly established Federal law," or was "based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding." 28 U.S.C. § 2254(d)(1) - (2). On appeal, McClary contends that his trial counsel's performance was inadequate because he failed effectively to pursue a motion seeking to suppress McClary's post-arrest confession pursuant to <u>Dunaway v. New York</u>, 442 U.S. 200, 218-19 (1979), which

requires the exclusion of statements obtained as a result of an unlawful arrest made without probable cause. The state court rejected this argument when McClary raised it on direct appeal.

To succeed on a claim of ineffective assistance of counsel, a petitioner must show "that (1) the performance of his counsel was objectively unreasonable and (2) there is a reasonable probability that, but for [the] deficient performance, the result of the proceeding would have been different." Parker, 666 F.3d at 834; see Strickland v. Washington, 466 U.S. 668, 687-88, 694 (1984). In order to satisfy the prejudice prong of the Strickland test, McClary must show, at a minimum, that he could have prevailed on a properly pursued Dunaway motion. See Kimmelman v. Morrison, 477 U.S. 365, 375 (1986); United States v. Matos, 905 F.2d 30, 32 (2d Cir. 1990).

McClary cannot make this showing. Under New York law, hearsay information provided by an informant can establish probable cause for a warrantless arrest if law enforcement demonstrates both the basis of the informant's knowledge and the reliability of the informant. People v. Ketcham, 93 N.Y.2d 416, 420 (1999); People v. DiFalco, 80 N.Y.2d 693, 696 (1993). Here, the Government satisfied the first prong by submitting an affidavit stating that McClary had been named as the "attacker" by two informants, both of whom were "'known to' the People," and that he had admitted the crime to them. See Ketcham, 93 N.Y.2d at 421. Moreover, the record indicates that at least one of the informants was a citizen informant "from the neighborhood." The reliability of identified citizen informants is presumed under New York law. Caldarola v. Calabrese, 298 F.3d 156, 165 (2d Cir. 2002); People v. Parris, 83 N.Y.2d 342, 350 (1994). Because McClary has not presented any evidence rebutting this presumption, or, more generally, indicating

3

that he would have prevailed if his counsel had pursued the Dunaway motion, he has not established any prejudice resulting from the allegedly ineffective actions of his trial counsel.

We also reject McClary's contention that the District Court erroneously concluded that his trial counsel's failure to pursue the Dunaway motion was not objectively unreasonable. "'[I]t is not sufficient for [a] habeas petitioner to show merely that counsel omitted a nonfrivolous argument, for counsel does not have a duty to advance every nonfrivolous argument that could be made.'" Ramchair v. Conway, 601 F.3d 66, 73 (2d Cir. 2010) (quoting Mayo v. Henderson, 13 F.3d 528, 533 (2d Cir. 1994)). In addition, we must "'indulge a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance; that is, the defendant must overcome the presumption that, under the circumstances, the challenged action might be considered sound trial strategy.'" Bierenbaum v. Graham, 607 F.3d 36, 51 (2d Cir. 2010) (quoting Strickland, 466 U.S. at 689). Under these circumstances, we agree with the District Court that McClary's trial counsel, having learned that McClary's arrest resulted from his admissions to two known informants, may reasonably have reevaluated the likelihood of success of the Dunaway motion and decided, as a matter of trial strategy, not to pursue it. The state court's decision that McClary was provided with effective assistance of counsel was, therefore, not contrary to, nor an unreasonable application of, established federal law.

Finally, the District Court had before it the relevant portions of the state court record from which to make this determination. That included copies of the relevant portions of both Appellant's and Respondent's state court appellate briefs, which quoted

4

extensively from the <u>Dunaway</u> motion papers. The contents of the affidavit submitted in opposition to the <u>Dunaway</u> motion are, in any event, undisputed. In addition, all the relevant identifying information regarding the two informants was provided in the prosecutor's opening statement at trial, which was also included in the record provided to the District Court.

We have considered McClary's other arguments and conclude that they are without merit. For the foregoing reasons, we AFFIRM the judgment of the District Court.

FOR THE COURT:

Catherine O'Hagan Wolfe, Clerk of Court

5