Bruno v. Superintendent, Five Points Correctional Facility

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

## SUMMARY ORDER

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 5th day of February, two thousand sixteen.

PRESENT: DENNIS JACOBS,
RICHARD C. WESLEY,
DEBRA ANN LIVINGSTON,
Circuit Judges.

- - - - - - - - - - - - - - - - - - - -X

JAMES BRUNO,
Petitioner-Appellant,

-v.-                                    15-96

SUPERINTENDENT, FIVE POINTS
CORRECTIONAL FACILITY,
Respondant-Appellee.

- - - - - - - - - - - - - - - - - - - -X

FOR APPELLANT:          Jonathan I. Edelstein, Edelstein & Grossman, New York, New York.

FOR APPELLEE:           Thomas B. Litsky, Assistant Attorney General (Barbara D. Underwood, Solicitor General, and Nikki Kowalski, Deputy

1

Solicitor General on the brief), for Eric T. Schneiderman, Attorney General of the State of New York.

Appeal from a judgment of the United States District Court for the Northern District of New York (Singleton, J.).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED AND DECREED** that the judgment of the district court be **AFFIRMED.**

James Bruno appeals from the judgment of the United States District Court for the Northern District of New York (Singleton, J.), denying and dismissing his petition for habeas corpus pursuant to 28 U.S.C. § 2254. The court granted a certificate of appealability as to one issue: whether petitioner's trial counsel was ineffective for failing to file a motion to suppress evidence found in the search of a motel where Bruno had been staying. We assume the parties' familiarity with the underlying facts, the procedural history, and the issues presented for review.

1.  A threshold issue is whether Bruno's claims are procedurally defaulted. Bruno first raised his ineffectiveness claim by collateral attack in a motion to vacate his conviction pursuant to N.Y. C.P.L. § 440.10. The state trial court rejected the claim on the merits, and the Appellate Division rejected the claim as procedurally barred because Bruno could have raised them on direct appeal. The district court agreed that the claim was procedurally defaulted before addressing the merits, in the alternative.

"We review *de novo* a district court's denial of a petition for a writ of habeas corpus." Parker v. Ercole, 666 F.3d 830, 834 (2d Cir. 2012) (per curiam). Federal habeas review is barred if the constitutional claim was denied by a state court on a state procedural ground that "is both 'independent' of the merits of the federal claim and an 'adequate' basis for the court's decision." Harris v. Reed, 489 U.S. 255, 260 (1989). To determine whether a state procedural bar is "adequate to support the judgment," Coleman v. Thompson, 501 U.S. 722, 729 (1991), a federal habeas court looks to whether the state rule at issue is "firmly established and regularly followed," Ford v. Georgia, 498 U.S. 411, 423-24 (1991); Bierenbaum v. Graham, 607 F.3d 36, 47 (2d Cir. 2010), and appropriately applied

2

"in the specific circumstances presented in the case," Cotto v. Herbert, 331 F.3d 217, 239-240 (2d Cir. 2003) ("[T]he principles of comity that drive the doctrine counsel that a federal court that deems a state procedural rule inadequate should not reach that conclusion lightly or without clear support in state law." (quoting Garcia v. Lewis, 188 F.3d 71, 77 (2d Cir. 1999))).

Bruno contends that his ineffective assistance claim is a "mixed" claim that involves both record and non-record evidence and that he thinks should have been permitted to raise it in a collateral § 440.10 proceeding. See People v. Brown, 45 N.Y.2d 852, 853-54 (1978) ("[I]n the typical case it would be better, and in some cases essential, that an appellate attack on the effectiveness of counsel be bottomed on an evidentiary exploration by collateral or post-conviction proceeding brought under CPL 440.10 . . . ." (citation omitted)); Contant v. Sabol, 987 F. Supp. 2d 323, 351-52 (S.D.N.Y. 2013) (collecting cases where federal habeas review was not barred by procedural default for "mixed claims" of ineffective assistance of counsel that relied on matters both in and outside the record). The parties dispute whether petitioner has relied upon documents outside the record -- *i.e.*, the search warrant and motel rules -- as well as whether certain affidavits (which were relied upon) were outside the record. We will assume without deciding that the claim is mixed and therefore not procedurally defaulted.[1]

---

[1] Whether Bruno should have brought this ineffectiveness claim on direct appeal is complicated. Prior appellate counsel raised numerous ineffective assistance of counsel claims that appear to have been at least partially based on matters outside the record, including a claim that trial counsel should have moved the court to suppress evidence seized from Bruno's car when he was stopped without probable cause. Bruno does not claim that appellate counsel was ineffective, and has offered no explanation for why appellate counsel could successfully raise numerous ineffective assistance of counsel claims, including one suppression claim, but could not have raised on direct appeal a second suppression claim. See Sweet v. Bennett, 353 F.3d 135, 140 (2d Cir. 2003)("[Petitioner] chose to bring his other ineffective assistance of counsel claims on direct appeal, so he cannot claim that he was consolidating all of his Sixth Amendment claims for one

2.   Bruno's ineffective assistance of counsel claim fails on the merits.  To succeed on a claim of ineffective assistance of counsel, a petitioner must show "that (1) the performance of his counsel was objectively unreasonable and (2) there is a reasonable probability that, but for [the] deficient performance, the result of the proceeding would have been different."  Parker, 666 F.3d at 834; see Strickland v. Washington, 466 U.S. 668, 687–88, 694 (1984).  To satisfy the prejudice requirement of Strickland, Bruno must show, at a minimum, that he could have prevailed on a properly pursued suppression motion.  See Kimmelman v. Morrison, 477 U.S. 365, 375, 382 (1986) ("[A] meritorious Fourth Amendment issue is necessary to the success of a Sixth Amendment claim . . . .");  United States v. Matos, 905 F.2d 30, 32 (2d Cir. 1990).  Bruno's suppression motion would not have been successful.

At the time of Bruno's arrest, he had been staying at a motel owned by BROC, a Vermont community action agency that houses homeless families.  As a condition of his placement there by the Rutland (Vermont) County Housing Coalition, he was required to pay three days' rent twice per month.  Although Bruno now claims that he was current on his rent payments, the record is to the contrary: Donna Stearns, the manager of the motel, testified that Bruno was in arrears, and Jacqueline LaFoe, who was staying in the motel with Bruno, acknowledged the delinquent rent payment to investigators at the time she and Bruno were arrested.  See App'x at 35 ("[LaFoe] expected that they might be locked out because they had not paid the rent . . . .").  Because Bruno was in arrears, Donna Stearns padlocked the door and later inventoried its contents pursuant to hotel policy.  At the manager's invitation, an investigator was present during the creation of the inventory and took pictures.  Bruno claims that this constituted a search in violation of the Fourth Amendment.

Although it is disputed whether Bruno had a reasonable expectation of privacy in the motel room, or whether Bruno was actually in arrears, the officers were entitled to rely upon Stearns's representation that she was the motel manager and that Bruno's tenancy had terminated for non-payment of

collateral attack with the benefit of a new evidentiary record for those other claims.").

rent.  See United States v. Elliott, 50 F.3d 180, 186 (2d Cir. 1995) ("[E]ven if the third party did not have the requisite relationship to the premises, and therefore lacked the authority to give a valid consent, official reliance on his consent may validate the search if it was reasonable for the officers to believe he had the requisite relationship.").  Stearns, as the manager of the property, had apparent authority to consent to the search of unoccupied units in the motel, and the officers reasonably relied upon these representations.  See id. at 185 ("Consent may validly be granted by the individual whose property is to be searched, or by a third party who possesses common authority over the premises." (citations omitted)).  To the extent there was a mistake of fact regarding consent or whether Bruno was still a tenant at the time of the inventory, it was reasonable, and Bruno's suppression motion would have failed.  Accordingly, the habeas petition must be denied and dismissed.

     For the foregoing reasons, and finding no merit in Bruno's other arguments, we hereby AFFIRM the judgment of the district court.

                              FOR THE COURT:
                              CATHERINE O'HAGAN WOLFE, CLERK