14-3873-pr
*Quiles v. Chappius*

UNITED STATES COURT OF APPEALS
FOR THE SECOND CIRCUIT

**AMENDED SUMMARY ORDER**

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT.  CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER").  A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 5th day of May, two thousand and sixteen.

Present:
JOHN M. WALKER, JR.,
GUIDO CALABRESI,
PETER W. HALL,

*Circuit Judges.*

———————————————————————————————

VICTOR QUILES,

*Petitioner-Appellant*,

v.                                                        No. 14-3873-pr

PAUL CHAPPIUS, JR., Superintendent, Elmira Correctional Facility,

*Respondent-Appellee.*

———————————————————————————————

For Petitioner-Appellant:       PAUL CAMARENA, North & Sedgwick Law, Chicago, IL.

For Respondent-Appellee:    LISA M. DENIG (Steven A. Bender & William C. Milaccio, of counsel), Assistant District Attorneys, *for* Janet DiFiore, District Attorney of Westchester County, White Plains, NY.

———————————————————————————————

1

Appeal from a judgment of the United States District Court for the Southern District of New York (Briccetti, *J.*).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgment is **AFFIRMED**.

Petitioner-Appellant Victor Quiles appeals the district court's dismissal of his petition for a writ of habeas corpus on the basis that, *inter alia*, he failed to demonstrate that the prosecution's use of peremptory challenges violated his Equal Protection rights under *Batson v. Kentucky*, 476 U.S. 79 (1986).[1]  We assume the parties' familiarity with the underlying facts, procedural history, and issues presented for review.

We review *de novo* a district court's denial of a petition for a writ of habeas corpus. *Parker v. Ercole*, 666 F.3d 830, 834 (2d Cir. 2012).  A writ may not issue for any claim that was adjudicated on the merits by a state court unless the state court's decision was "contrary to, or involved an unreasonable application of, clearly established Federal law as determined by the Supreme Court of the United States," or was "based on an unreasonable determination of the facts in light of the evidence presented in the State Court proceeding."  *Id*. (quoting 28 U.S.C. § 2254(d)(1)-(2)).  "The state court's findings of fact are presumed to be correct unless the petitioner can rebut this presumption by clear and convincing evidence."  *Id*. (citing 28 U.S.C. § 2254(e)(1)).

In determining whether the prosecution has exercised peremptory challenges in a racially discriminatory manner, courts apply the three-pronged approach set forth in *Batson v. Kentucky*,

---

[1] A panel of this Court granted a Certificate of Appealability on the following issue: "[W]hether the prosecution's use of peremptory challenges to strike jurors Tholany, Young, and Sinclair violated the Equal Protection Clause."  (Motion Order, ECF No. 59.)  On this appeal, Quiles challenged only the peremptory strike against Sinclair.

476 U.S. 79 (1986). First, the defendant has the burden of establishing a *prima facie* case of discrimination. *Id*. at 93–97. If the defendant satisfies this initial burden, the prosecution must then come forward with a race-neutral justification for the exercise of the challenge. *Id*. at 97–98. Finally, the trial court has the duty to determine whether the defendant has carried his ultimate burden of establishing "purposeful discrimination." *Id*. at 98.

On appeal, Quiles asserts that the state trial court failed to provide him with an adequate opportunity to argue his *Batson* motion with respect to prospective juror Frances Sinclair.[2] As an initial matter, Quiles has forfeited this argument by failing to raise it at any time during the proceedings below.[3] *See Coleman v. Thompson*, 501 U.S. 722, 731 (1991) ("This Court has long held that a state prisoner's federal habeas petition should be dismissed if the prisoner has not exhausted available state remedies as to any of his federal claims."). Regardless, the record does not support Quiles' argument. Quiles initially raised his *Batson* challenge after the prosecution used a peremptory challenge to strike Sinclair. A back and forth ensued in which the prosecutor made arguments and the district court gave Quiles three chances to respond. Quiles cited as evidence of discrimination only the fact that the prosecutor had previously used a peremptory strike on a prospective juror described by Quiles as "dark-skinned."[4] J.A. 64. The court

---

[2] Because Quiles has "strategically . . . limit[ed]" his claims on appeal to those involving prospective juror Sinclair, Appellant's Br. 2, he has abandoned his claims with respect to prospective jurors Tholany and Young, and those claims are therefore waived. *See Beatty v. United States*, 293 F.3d 627, 632 (2d Cir. 2002).

[3] We note, however, that the district court erred in concluding that Quiles' *Batson* motion was untimely because he objected to the use of a peremptory strike against Sinclair only after the district court had excused her. *See Quiles v. Chappius*, No. 12 CV 8345 VB, 2014 WL 4652742, at *4 (S.D.N.Y. Sept. 18, 2014). A *Batson* challenge is considered timely as long as it is raised before jury selection is completed. *McCrory v. Henderson*, 82 F.3d 1243, 1249 (2d Cir. 1996).

[4] The trial court found that the juror in question, Tholany, was not African American. On appeal, Quiles does not challenge Tholany's exclusion from the jury, nor has he provided "a record of the baseline factual circumstances," *Sorto v. Herbert*, 497 F.3d 163, 171 (2d Cir. 2007), from

considered the parties' arguments and concluded that there was no racial pattern in how the prosecution exercised its peremptory challenges. It then denied the *Batson* motion. Later, Quiles renewed his *Batson* challenge with respect to "dark-skinned" venirepersons struck by the prosecution, including Sinclair. J.A. 182. When prompted by the court to explain how the strikes were discriminatory, Quiles argued that the prosecutor had given "no cause for the removal of these people, no reason to say why each one of these individuals should have been struck." J.A. 183. Once again, the trial court denied the *Batson* motion based on Quiles' failure to establish a *prima facie* case. Quiles had multiple opportunities to present his *Batson* motion.

The trial court, moreover, properly ruled that Quiles failed to establish a *prima facie* case of discrimination. Aside from noting that Sinclair was African American, Quiles was unable to provide any facts showing that the peremptory strike was discriminatory. *See United States v. Stavroulakis*, 952 F.2d 686, 696 (2d Cir. 1992) ("Reference merely to the face of one excused venireman, without more, is insufficient to raise an inference of discrimination."). Although it is true that "striking even a single juror for a discriminatory purpose is unconstitutional," *Walker v. Girdich*, 410 F.3d 120, 123 (2d Cir. 2005), Quiles failed to meet his "burden of articulating the basis, both factual and legal, for [his] *Batson* challenge," *DeBerry v. Portuondo*, 403 F.3d 57, 69 (2d Cir. 2005).[5]

---

which an appeals court could discern a racial pattern in the prosecutor's use of peremptory challenges. *See id.* at 171–72 (noting that, where *Batson* motion depends on pattern of strikes, petitioner has burden of providing record including, *inter alia*, the composition of the venire and the race of the potential jurors stricken). Similarly, Quiles does not challenge the district court's determination that the prosecutor offered a racially neutral justification for striking Young, an African American. *See Quiles*, 2014 WL 4652742, at *4.

[5] For the first time on appeal, Quiles contends that Sinclair's answers in *voir dire* were "identical to those of non-African-American venirepeople who were not stricken by the prosecution," Appellant's Br. 12. Sinclair's answers, however, were not "identical" to those of the non-African-American prospective jurors to which Quiles compares them, but instead differed with respect to, *inter alia*, their family lives, career paths, and prior jury experience.

4

For these reasons, the judgment is AFFIRMED.

FOR THE COURT:

CATHERINE O'HAGAN WOLFE, CLERK