*Reyes v. Ercole*

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

## SUMMARY ORDER

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 25th day of November, two thousand nineteen.

PRESENT:    ROBERT D. SACK,
            PETER W. HALL,
            JOSEPH F. BIANCO,
                    *Circuit Judges*.

_____

William Reyes,

                    *Petitioner–Appellant*,

            v.                                          No. 18-1126

Superintendent Robert E. Ercole,

                    *Respondent–Appellee*.

_____

For Appellant:              STEPHANIE M. CARVLIN, Law Office of Stephanie M. Carvlin, New York, NY

For Appellee:               LISA ELLEN FLEISCHMANN, Assistant Attorney General of Counsel (Nikki Kowalski, Deputy Solicitor General for Criminal Matters, *on the brief*), *for* Barbara D. Underwood, Attorney General for the State of New York, New York, NY

Appeal from a judgment of the United States District Court for the Southern District of New York (Stein, *J.*).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgment is **AFFIRMED**.

Petitioner–Appellant William Reyes appeals from a judgment of the U.S. District Court for the Southern District of New York (Stein, *J.*), entered March 26, 2018, denying his petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. Reyes claimed that the admission of perjury at his state court trial violated his right to due process. We assume the parties' familiarity with the underlying facts and procedural history.

"We review a district court's legal conclusions in denying a habeas petition *de novo* and its factual findings for clear error." *Drake v. Portuondo*, 553 F.3d 230, 239 (2d Cir. 2009) ("*Drake II*"). "Under the Antiterrorism and Effective Death Penalty Act of 1996 ('AEDPA'), a federal habeas court must apply a deferential standard of review to 'any claim that was adjudicated on the merits in State court.'" *Drake v. Portuondo*, 321 F.3d 338, 343 (2d Cir. 2003) ("*Drake I*") (quoting 28 U.S.C. § 2254(d)).

"'Adjudicated on the merits' has a well settled meaning: a decision finally resolving the parties' claims, with res judicata effect, that is based on the substance of the claim advanced, rather than on a procedural, or other, ground." *Sellan v. Kuhlman*, 261 F.3d 303, 311 (2d Cir. 2001). We presume that a state court adjudicates a state prisoner's federal claim on the merits when there is no "clear and express statement of reliance on a state procedural bar" or other ground. *Jimenez v. Walker*, 458 F.3d 130, 145 (2d Cir. 2006); *see also Parker v. Ercole*, 666 F.3d 830, 834 (2d Cir. 2012) (citing *Jimenez* for the proposition that "absent a clear and express statement of reliance on

2

a state procedural bar, we presume that a cursory state court decision rests on the merits of the federal claim" (brackets and quotation marks omitted)).

Regarding Reyes' perjury claim, the state court held:

The claim that the prosecutor knowingly utilized perjured testimony to obtain his conviction may be dismissed out of hand. Assuming for the sake of argument that Ms. Martinez testified falsely, defendant provides no basis to believe that the prosecutor was aware or had reason to know that she did so.

J. App'x 1573. Reyes argues that the state court did not decide his perjury claim on the merits because the court did not decide whether the complaining witness committed perjury. We disagree. There is nothing in the state court decision to suggest that the court rejected Reyes' perjury claim on the basis of a procedural bar or alternate ground. *See, e.g.*, *Ortega v. Duncan*, 333 F.3d 102, 105-06 (2d Cir. 2003) (holding no AEDPA deference where state court rejected a perjury claim on the alternate ground that the issues surrounding potentially perjured testimony would not lead the jury to reach a different verdict in a new trial because of a new witness testimony). The state court rejected Reyes' perjury claim because Reyes did not prove one of the requisite elements of a due process claim in this context (that the prosecutor had, or should have had, knowledge that Martinez testified falsely). Because the state court did not resolve the element of whether perjury occurred, we do not presume that finding to be correct, but we still consider the perjury claim to have been resolved on the merits. *See Channer v. Brooks*, 320 F.3d 188, 195 (2d Cir. 2003) (per curiam) ("[W]here a state court does not resolve a question of fact, no presumption of correctness can possibly attach with respect to that issue.").

Faced with a state court decision on the merits, we apply AEDPA's deferential standard. Under this standard, no federal habeas relief is available unless the state court proceedings "resulted in a decision that was contrary to, or involved an unreasonable application of, clearly

established Federal law, as determined by the Supreme Court of the United States." 28 U.S.C. § 2254(d)(1). "[Clearly established Federal law] refers to the holdings, as opposed to the dicta, of [the Supreme] Court's decisions as of the time of the relevant state-court decision." *Williams v. Taylor*, 529 U.S. 362, 412 (2000).

Here, the state court rejected Reyes' perjury claim because, as noted above, the "defendant provide[d] no basis to believe that the prosecutor was aware or had reason to know" that Martinez testified falsely. This is the standard the Supreme Court articulated in *United States v. Agurs*. 427 U.S. 97, 103 (1976) ("[T]he prosecution knew, or should have known, of the perjury . . . .").[1] The District Court determined that these findings were reasonable, and Reyes does not appeal this issue. *Reyes v. Ercole*, No. 06-CV-5525 (SHS), 2018 WL 1517204, at *13 (S.D.N.Y. Mar. 27, 2018). Applying AEDPA's deferential standard, therefore, no federal habeas relief is available to Reyes.

We have reviewed Reyes' remaining arguments and find them to be without merit. The judgment of the District Court is **AFFIRMED**.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk of Court

---

[1] In a prior case, we suggested that the "should have known" piece of the *Agurs* standard is dictum and, therefore, not clearly established Supreme Court precedent. *Drake I*, 321 F.3d at 345; *see also Drake II,* 553 F.3d at 240. We decline to address that issue here as it is not necessary to resolve this appeal.

4